The **STATE HIGHWAY COMMISSION OF MISSOURI**, Plaintiff,

v.

**John A. VOLPE**, Secretary of Transportation of the United States and

**Casper W. Weinberger**, Director of the Office of Management and Budget of the United States, Defendants.

**Civ. A. No. 1616.**

United States District Court,
W. D. Missouri, C. D.

Aug. 7, 1972.

Robert L. Hyder, Michael K. McCabe, Jefferson City, Mo., for plaintiff.

Stuart E. Schiffer, Civil Div., U. S. Dept. of Justice, Washington, D. C., Kenneth Cranston, Regional Counsel, Federal Highway Administration, Kansas City, Mo., for defendants.

FORMAL JUDGMENT CONFIRMING JUDGMENT FOR PLAINTIFF ORALLY RENDERED AND ENTERED JUNE 19, 1972, ISSUING WRIT OF MANDAMUS, INJUNCTION AND FOR DECLARATORY JUDGMENT

WILLIAM H. BECKER, Chief Judge.

Now on this 19th day of June 1972, this civil action was called for trial on the amended complaint pursuant to notice and order setting the action for trial. The plaintiff appeared by its counsel, Robert L. Hyder, Esquire, and Michael McCabe, Esquire. The defendants appeared by their counsel, Stuart E. Schiffer, Esquire, and Kenneth Cranston, Esquire.

Counsel for the defendants suggested the succession of Casper W. Weinberger to the original defendant George Shultz as Director of the Office of Management and Budget of the United States. Thereupon on motion of counsel for defendants, it was ordered pursuant to Rule 25(d), F.R.Civ.P., that Casper W. Weinberger be, and he was, in his official capacity, substituted as party defendant for the original defendant George Shultz.

The second, third and fourth defenses of the answer of defendants were taken up, submitted and denied. In this connection it was concluded that (1) the plaintiff does not lack standing to maintain this action, (2) the Court does not lack jurisdiction over the subject matter of the action and (3) the complaint does not fail to state a claim upon which relief can be granted.

On the initiative of the Court the unnumbered last paragraph of the first defense of the answer was stricken as redundant, surplusage, and an impermissible form of qualified general denial in the context of the pleadings in this case.

With approval of the Court the parties stipulated that the record of the evidentiary hearing and arguments of June 24, 1971, in this cause be considered as part of the argument and evidence offered this day on the amended complaint without prejudice to any objection, motion, argument, legal contention and factual contention therein made, so that it should not be necessary for any party to reoffer at the trial any evidence offered on June 24, 1971.

Then this action was called for trial by the Court, without a jury. Plaintiff and defendants answered ready for trial. Opening statements were made by counsel for the plaintiff and defendants. Evidence in chief of the plaintiff was offered and received. The plaintiff rested. Then the defendants moved for dismissal under Rule 41(b) F.R.Civ.P., on the ground that on the facts and the law plaintiff is not entitled to relief, which motion was denied. The defendants offered evidence in chief and rested. The plaintiff rested without offering evidence in rebuttal. The issues were thereupon submitted by the parties for decision. Thereupon the following findings of fact and conclusions of law were made by the Court:

JURISDICTION

On the subject of jurisdiction it was found and concluded that the Court has jurisdiction to hear and determine

the issues under each of the following statutes independently:

(1) Section 1361, Title 28, U.S.C.A., relating to actions in the nature of mandamus to compel an officer of the United States to perform a duty owed to the plaintiff.

(2) Chapter 7, Title 5, U.S.C.A., judicial review of administrative agencies, including Sections 702, 703, 704, 705 and 706.

## VENUE

On the subject of venue it is found that venue of this action is properly laid in this district and that the defendants do not claim lack of venue.

## REMEDIES AVAILABLE

The remedies available under Section 1361, Title 28, U.S.C.A., include mandamus, prohibitory injunction, mandatory injunction and declaratory judgment in the nature of mandamus.

The remedies available under Chapter 7, Title 5, U.S.C.A., include (1) holding unlawful and setting aside of agency action that is arbitrary, an abuse of discretion, or otherwise not in accordance with law or in excess of statutory jurisdiction, authority, limitations or short of statutory right (§ 706) and (2) any form of legal action including declaratory judgment and writs of prohibitory or mandatory injunction (§ 703). Cf. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L. Ed.2d 136.

On the question of finality of the agency action under review, and exhaustion of administrative remedies, it is found and concluded that the agency action under review is final and that no unexhausted administrative remedies exist. Cf. § 704, Title 5, U.S.C.A.

On the question of adequacy of other remedies at law, it is found and concluded that plaintiff has no remedies in court at law or otherwise except those available in this action.

## STANDING TO MAINTAIN THIS ACTION

■ Under federal law, the Constitution of Missouri and the statutes of Missouri, the plaintiff has standing to maintain this action as the state agency invested with exclusive and plenary powers and duties on behalf of the State of Missouri to receive and administer all federal highway funds and apportionments. Sections 226.010 to 226.190 R.S.Mo. inclusive, particularly Sections 226.020, 226.150, 226.190 R.S.Mo.; Sections 29, 30(a) and 30(b), Article 4, Constitution of 1945; Section 101, Title 23, U.S.C.A., defining "State highway department."

## DECISION ON THE MERITS

In order to accelerate the construction of the Federal-aid highway systems, including the National System of Interstate and Defense Highways ("System" hereinafter) and to provide for the prompt and early completion of the entire System simultaneously, the Congress of the United States enacted, and has from time to time amended, Title 23, United States Code, a comprehensive Federal-Aid Highway Act ("Act" hereinafter). Title 23, U.S.C.A.

To insure continuing adequate federal-aid moneys for completion of the System, Congress created the Highway Trust Fund ("Fund" hereinafter). Historical Note, § 120, Title 23, U.S.C.A. The defendant Secretary of Transportation of the United States ("Secretary" hereinafter) has been given the functions, powers and duties to administer the Fund in accordance with the Act, which provides a comprehensive plan and precise standards for apportioning the Fund annually, and for obligation of the Fund by state highway commissions in accordance with the Act. Sections 101 to 215 inclusive, Title 23, U.S.C.A.

Anticipating the possibility of executive or administrative impoundment or withholding of the apportioned Fund for legally impermissible reasons, Congress

undertook to avoid such unauthorized action by making its intent clear and unambiguous in paragraph (c) of § 101, Title 23, U.S.C.A., which reads as follows

(c) It is the sense of Congress that under existing law no part of any sums authorized to be appropriated for expenditure upon any Federal-aid system which has been apportioned pursuant to the provisions of this title shall be impounded or withheld from obligation, for purposes and projects as provided in this title, by any officer or employee in the executive branch of the Federal Government, except such specific sums as may be determined by the Secretary of the Treasury, after consultation with the Secretary of Transportation, are necessary to be withheld from obligation for specific periods of time to assure that sufficient amounts will be available in the Highway Trust Fund to defray the expenditures which will be required to be made from such fund.

Paragraph (c) is now a part of the Act, Title 23, U.S.C.A., and is to be read and construed in the context of the comprehensive plan for administration of the Fund and the Act. Even if paragraph (c) were absent, the intent of the Act would be the same.

The record establishes without controversy that the Secretary with the approval of his co-defendant has from time to time by administrative action effectively withheld from the plaintiff, The State Highway Commission of Missouri ("Missouri" hereinafter), the obligation of sums lawfully apportioned to the State of Missouri from the Fund. Presently Missouri is forbidden by administrative action of the Secretary from obligating over $80,000,000 of the apportionment for the fiscal year 1973. (Apportioned funds for a coming fiscal year may be obligated in the preceding fiscal year under the Act.) The practice of ordering the withholding of obligation of parts of the apportionments has con-

tinued for a number of years, without reference to any fixed period of time. Often the withholding was done on a quarterly basis. Presently the withholding is fixed on an annual basis.

The effect of this practice, and of the current withholding of obligation by Missouri of prior apportionments and a large part of its apportionment from the Fund for the fiscal year 1973, has caused great and incalculable injury to Missouri because of continuing inflation of highway costs, and interruption of efficient obligation of the funds apportioned to Missouri. Missouri has provided proof of this injury beyond the customary burden of proof by a preponderance of the evidence.

■ As a part of this proof, Missouri has established that it is and has been able, ready and willing, and desires and has desired, to obligate its apportionment from the Fund but is and has been prevented from doing so by the defendant Secretary, with the approval of his co-defendant Director. In this connection Missouri has proven that presently and in the past it has developed plans and projects which would be approved under the Act, and regulations made pursuant thereto, except for the withholding of the obligational authority by the Secretary. Therefore Missouri is entitled to relief if the action of the Secretary in withholding from obligation is unauthorized, without his discretion, arbitrary or otherwise illegal.

■ The Secretary claims that the law invests in him discretion to withhold from time to time authority for Missouri to obligate its unexpended apportionments. The Secretary concedes that the apportionments can readily be paid by the Fund from the ample moneys presently therein. If the Secretary lawfully possessed the discretion he claims, Missouri should be given no relief. It has been concluded, however, that the current, as well as the past and possible future, withholding of obli-

gational authority for the reasons relied on by the Secretary has been, is and will be, unauthorized, and without the lawful discretion of the Secretary.

The reasons advanced by the Secretary for the current and past withholding of obligational authority are foreign to the standards and purposes of the Act and the Fund. The reasons relied on are related to the prevention of inflation of wages and prices in the national economy. These reasons are impermissible reasons for action which frustrates the purposes and standards of the Act, including but not limited to those in Section 109, Title 23, U.S.C.A. Therefore it is not within the discretion of the Secretary to withhold obligational authority from Missouri, and judicial relief should be granted to Missouri. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136; § 706, Title 5, U.S.C.A.

The appropriate relief to which Missouri is entitled includes prohibitory or mandatory injunction, and declaratory judgment. § 703, Title 5, U.S.C.A. It also includes mandamus. § 1361, Title 28, U.S.C.A. Missouri has no other adequate judicial or administrative remedy except this action. Therefore judgment will be entered granting an injunction, a writ of mandamus and a declaratory judgment.

## JUDGMENT GRANTING INJUNCTION

It is therefore

Ordered and adjudged that the defendants and each of them and their subordinates be, and they are hereby, enjoined and restrained now and in the future from withholding from Missouri, directly or indirectly, any authority to obligate its apportionment of Highway Trust Funds, for the fiscal year 1973 for any reason or reasons relating to the prevention or control of inflation in the national, regional or local economies, or in wages or prices in the nation, or any region or locality therein, or any combination of such reasons.

## JUDGMENT GRANTING WRIT OF MANDAMUS

For the foregoing reasons, in addition and independently, it is hereby further

Ordered and adjudged that the defendant John A. Volpe, and his subordinates, be and they are hereby, commanded to annul and revoke by official act in writing the current announcements, orders, directives, limitations, regulations and other official written and printed documents and evidences of withholding of authority of Missouri to obligate its apportionment from the Highway Trust Fund for the fiscal year 1973.

## DECLARATORY JUDGMENT

For the foregoing reasons, it is hereby further

Declared and adjudged that the currently effective, and past official actions of the Secretary of Transportation, and his subordinates, in withholding authority from Missouri to obligate any apportionment from the Highway Trust Fund for reasons related to the prevention or control of inflation in the national, regional or local economies, or in wages and prices in the nation, or any region or locality therein, is unauthorized by law, illegal, in excess of lawful discretion and in violation of the Federal-Aid Highway Act.

## RETENTION OF JURISDICTION

It is further

Ordered that this Court retain jurisdiction of this action for the purpose of making and entering such further orders and judgments and taking other judicial action necessary, or desirable, to implement and enforce the judgments herein, and any one or more of them.

## ORDER ON COSTS

It is

Ordered that each party bear its or his own costs in this Court.