STATE OF MONTANA, Acting BY AND THROUGH the DEPARTMENT OF HIGHWAYS OF the STATE OF MONTANA, Plaintiff,

v.

Claude S. BRINEGAR, Secretary of Transportation, et al., Defendants.

Civ. No. 2388.

United States District Court, D. Montana, Helena Division.

Aug. 19, 1974.

N. A. Rotering, Administrator and James R. Beck, Atty., Legal Div., Dept. of Highways, Helena, Mont., for plaintiff.

Otis L. Packwood, U. S. Atty., Billings, Mont., for defendants.

## ORDER

BATTIN, District Judge.

Presently pending in this action is the defendants' motion to dismiss or, in the

alternative, for summary judgment. Also pending is the cross motion of plaintiff for summary judgment.

The plaintiff by this action seeks the release of highway trust funds that have been impounded pursuant to directions issued by the Office of Management and Budget. The undisputed material facts reveal that the plaintiff has not been permitted to obligate all of the funds apportioned to it under the Federal-Aid Highway Act, 23 U.S.C. § 101 et seq. While an elaborate recitation of the facts of this case is unnecessary, the Court notes that the factual situation of this cause is strikingly similar to State Highway Commission of Missouri v. Volpe, 479 F.2d 1099 (C.A.8, 1973), modifying 347 F.Supp. 950 (W.D.Mo.1972). The Circuit Court in that case said:

"When the provisions of the Federal-Aid Highway Act are considered as a whole, it is apparent that the Secretary does not have the authority to withhold funds for anti-inflationary purposes." 479 F.2d at 1115.

This Court is compelled by the logic of the Court of Appeals for the Eighth Circuit to reach the same legal conclusion granting the plaintiff's request for relief. Virtually all of the numerous arguments exhaustively presented by the defendants in this case were rejected by the Court of Appeals for the Eighth Circuit or by district courts in similar cases. The Court is aware of the growing body of precedent favoring the plaintiff's position. See South Carolina State Highway Department v. Volpe, et al., Civil Action No. 72–940 (D.C.S.C., Columbia Div., May 7, 1974), and State of Iowa, ex rel. State Highway Commission v. Brinegar, et al., Civil No. 73–189–1 (D.C.So.Dist. of Iowa, Central Div., July 2, 1974).

The Court notes that since the holding in South Carolina State Highway Department v. Volpe, et al., supra, Congress has further clarified the law relative to such impoundment. The Conference Committee Report on the Federal-Aid Highway Act of 1973 contains the following language:

"*Prohibition of Impoundment*

"*Senate bill*

"This section would prohibit the impoundment of sums authorized to be apportioned by section 104 of title 23, U.S.Code, which have been appropriated by Congress except specific sums determined by the Secretary of the Treasury as necessary to meet future expenditures from the Highway Trust Fund.

"*House amendment*

"No comparable provision.

"*Conference substitute*

"No comparable provision. *The fact that this section of the Senate bill is not contained in the conference substitute shall not be construed to indicate anything other than complete agreement with the decision of the United States Court of Appeals for the Eighth Circuit in the case of the State Highway Commission of Missouri v. John A. Volpe, Secretary of Transportation of the United States et al.*"

Conference Report No. 93–355, 93rd Cong., 1st Sess., 1973, U.S. Code Cong. & Ad.News, pp. 1939, 1976 [emphasis added].

It is therefore ordered that plaintiff's motion for summary judgment is granted and defendants' motion to dismiss and in the alternative for summary judgment is denied.

The Clerk of this Court is directed to enter judgment for the plaintiff accordingly.