**NORTHERN ENGINEERING & PLASTICS CORP., Plaintiff,**

v.

**Roger EDDY, d/b/a Marshall Manufacturing Co. and Pacific Cap Corporation, Defendants.**

**Civ. A. No. 78–1234.**

United States District Court,
W. D. Pennsylvania.

Nov. 14, 1979.

Walter J. Blenko, Jr., Pittsburgh, Pa., for plaintiff.

Thomas C. Wettach, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

ROSENBERG, District Judge.

This matter now before me is that of one of the defendants on his motion for order directing Harry Crisci be made a party, plaintiff. It is made pursuant to Federal Rules of Civil Procedure 19 and 21.[1]

The plaintiff, Northern Engineering & Plastics Corp. (NEPCO) brought this action for the alleged infringement of the United States Patent No. 3,504,818 (tamper-proof bottle caps). The plaintiff avers that the defendant Roger Eddy was previously employed by NEPCO, and that after leaving this employment he went into business and copied the patented bottle closures of NEP-CO. The plaintiff seeks injunctive and other relief, including damages to compensate for the infringement and reasonable attorneys' fees.

The defendant Roger Eddy contends that the patent in question is invalid because it lacks patentable novelty, and that the plaintiff is barred from enforcing the patent inasmuch as he is a co-inventor. He further avers the existence of an oral agreement regarding the sharing of royalties between Harry Crisci, president of the plaintiff corporation, and himself, for which he demands an accounting from the plaintiff. He also presents a counterclaim and avers a violation of the antitrust law, 15 U.S.C. §§ 1 and 2[2] by the plaintiff.

In the instant motion the defendant Eddy avers generally that complete relief cannot be obtained pursuant to Rule 19, unless Harry Crisci is made a party to the action. However, it would appear that the defendant is presently in a position to obtain the relief he seeks in its answer and counterclaim from the corporate plaintiff.

Rule 19(a) provides that a person may be joined as an involuntary plaintiff only in "a proper case". The "proper case" provision of Rule 19(a) may only be invoked where the party sought to be joined as an involuntary plaintiff is beyond the jurisdiction of the court and is notified of the action but refuses to join, and where the party to be joined has an obligation to permit its name and title to be used to protect rights asserted in the action. *Independent Wireless Telegraph Co. v. Radio Corporation of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926); *Caprio v. Wilson*, 513 F.2d 837, 839, C.A. 9, 1975; *Stanton v. Ash*, 384 F.Supp. 625, 631 (S.D. Ind.1974); *Blacks v. Mosley Machinery Co., Inc.*, 57 F.R.D. 503, 505–506 (E.D.Pa.1972); *Dublin Water Co. v. Delaware River Basin Commission*, 443 F.Supp. 310 (D.C.Pa.1977); *International Rediscount Corp. v. Hartford Acc. & Indem. Co.*, 425 F.Supp. 669 (D.C.

---

1. Rule 19. Joinder of Persons Needed For Just Adjudication. (a) Persons to Be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

Rule 21. This Rule provides in pertinent part that: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

2. The defendant avers violations of the Sherman Act (15 U.S.C. §§ 1, 2) by the plaintiff through an illegal restraint of trade (§ 1) and by attempting to monopolize (§ 2) the relevant product market.

Del.1977); *7 Wright and Miller, Federal Practice and Procedure*, § 1606 (Supp.1976).

However, since the defendant's motion seeks to implead Crisci as an additional plaintiff, the greater objection is that, as revealed at the argument on the motion, there is no reason why the defendant cannot have complete relief for any possible remedy he may seek from the present plaintiff either as such or as the assignee of the patent in which the defendant claims an interest. Accordingly, Rule 19(a)(1) does not authorize such a joinder, because this is not a case where the Rule authorizes it "if . . . in [the] absence [of a joined party] complete relief cannot be accorded among those already parties, . . ." Thus, because the defendant has admitted that he can have complete relief from the present plaintiff, he has not satisfied this court that Crisci should be made a party plaintiff. The defendant's motion will be denied.