**Gordon MACCAULAY, Plaintiff,**

v.

**U.S. FOODSERVICE, INC., Defendant.**

**No. CV–S–99–127–RLH.**

United States District Court, D. Nevada.

July 31, 2001.

Randall Rumph, Rumph & Peyton, Las Vegas, NV, for Plaintiff.

Lauren Harris, U.S. Foodservice, Assistant General Counsel, Columbia, MD, Mark Ricciardi, Ricciardi Law Group, Las Vegas, NV, for Defendant.

### ORDER

HUNT, District Judge.

The parties have filed with this Court a **Stipulation and Request for Ruling Regarding Withholding Taxes on Back and Front Wage Award** (# 151, filed July 16, 2001). This matter was tried before a jury, which awarded judgment on Plaintiff's behalf. Subsequent thereto, there have been ·filed a Notice of Appeal and a

Notice of Cross Appeal, which have been followed by other documents perfecting the appellate process.

It appears that the parties have engaged in settlement discussions and have reached a settlement agreement, but disagree whether Defendant U.S. Foodservice, Inc. is required to withhold payroll taxes on the amounts designated as back pay and front pay in the settlement agreement. They ask this Court to rule on this issue so they can finalize their settlement agreement. Although this Court lauds the settlement efforts of the parties, it is unable to comply with their request for two reasons.

## I. THE APPEAL DEPRIVES THIS COURT OF JURISDICTION

[1, 2] The parties have appealed this case to the Ninth Circuit Court of Appeals. "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood,* 127 F.3d 1187 (9th Cir.1997). *See also, Marrese v. American Academy of Ortho. Surgeons,* 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). While these cases provide exceptions to the general rule, where the district court sees a need to correct clerical errors, or to clarify or amend its judgment, this Court finds no just cause to make an exception here. Accordingly, the stipulated request must be denied, as this Court lacks jurisdiction.

## 2. THE REQUEST CONSTITUTES A REQUEST FOR AN ADVISORY OPINION

██ While the parties disagree about whether payroll taxes must be withheld from amounts to be paid as back pay and front pay, that disagreement does rise to the level of a justiciable controversy authorized by Article III of the United States Constitution, which gives this Court its judicial mandate. In reality, the parties are asking the Court to advise them of what the Internal Revenue Service will require under the federal tax laws.

This inquiry should be addressed to the Internal Revenue Service, and any dispute over its decision lies within the jurisdiction of the United States Tax Court. It is improper for a United States District Court to express advisory opinions about what an agency within the executive branch will do or require.

"Article III of the Constitution confines the jurisdiction of the federal courts to cases or controversies (these are, for all intents and purposes, synonyms, *see* 13 Wright, Miller & Cooper, Federal Practice and Procedure § 3529, at pp. 280–81 (2d ed.1984)). Federal courts are not authorized to render advice to persons contemplating ... acts.... [*citing Muskrat v. United States,* 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911); *United States v. Fruehauf,* 365 U.S. 146, 157, 81 S.Ct. 547, 5 L.Ed.2d 476 (1961) ]." *Jones v. Griffith, M.D.,* 870 F.2d 1363, 1366 (7th Cir.1989).

"[T]he Article III prohibition against advisory opinions reflects the complementary constitutional considerations expressed by the justiciability doctrine: Federal judicial power is limited to those disputes which confine federal courts to a role consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process." *Flast v. Cohen,* 392 U.S. 83, 96–97, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). To give the requested advice as to how the Internal Revenue Service would or should act in this instance would be an improper departure from that role. It would improperly give this Court's imprimatur to actions which may violate federal law or regulation, or run counter to the policies of the Internal Revenue Service.

"The federal courts created pursuant to Article III are barred by the 'case or controversy' requirement from deciding 'abstract, hypothetical or contingent ques-

tions.' [*citing Alabama State Fed. Of Labor v. McAdory*, 325 U.S. 450, 461, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945) ]. Because of this bar, it is said that Article III courts will not 'give opinions in the nature of advice concerning [legislative or executive] action ...' [*citing Muskrat v. United States*, 219 U.S. 346, 362, 31 S.Ct. 250, 55 L.Ed. 246 (1911) ]." *Bethlehem Steel Corp. v. Kreps*, 23 Empl. Prac. Dec. P 30,904, 1980 WL 140, *6 (D.Md.1980).

"The rule against federal courts issuing advisory opinions is as old as the republic and goes to the heart of justiciability. In short, no justiciable controversy is presented when a party seeks only an advisory opinion. [*citing Flast* and *Muskrat, supra* ]." *Stanton v. Ash*, 384 F.Supp. 625, 631 (S.D.Ind.1974).

The foregoing make it clear that Article III of the United States Constitution does not provide jurisdiction to this Court to grant the parties' request.

IT IS THEREFORE ORDERED that the parties' Stipulation and Request for Ruling Regarding Withholding Taxes on Back and Front Wage Award (# 151) is DENIED for lack of jurisdiction and the Court declines to "rule" on this issue.