**BLACK & DECKER MANUFACTURING CO. LTD., Plaintiff,**

**Inventec International Ltd., Involuntary Plaintiff,**

v.

**HEMPE MANUFACTURING CO., INC., Defendant.**

**No. 75–C–745.**

United States District Court, E. D. Wisconsin.

Oct. 1, 1976.

Paul R. Puerner, Michael, Best & Friedrich, Milwaukee, Wis., Robert L. Boynton, Harness, Dickey & Pierce, Birmingham, Mich., for plaintiff.

Joseph P. House, Jr., Wheeler, Morsell, House & Fuller, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The plaintiff seeks injunctive relief in this action and alleges an infringement of a patent. Jurisdiction is based on 35 U.S.C. § 281 and 28 U.S.C. § 1338. The defendant has filed a motion to dismiss this action for failure to join an indispensable party or in the alternative for a determination under Rule 19(b) whether the action should proceed. After considering the briefs of the parties and hearing oral arguments on the motion, the Court has decided that the motion must be denied.

The factual background leading to the motion is as follows. The plaintiff is the exclusive licensee within the United States of a patent owned by Inventec International Limited (Inventec), a foreign corporation not subject to the process of this Court. The plaintiff requested that Inventec join in this action but Inventec declined the offer. The plaintiff then began this action naming Inventec as an involuntary co-plaintiff. The record adequately indicates that Inventec has been notified of this action but remains firm in its decision not to join the suit voluntarily.

The defendant argues that unless Inventec voluntarily joins this suit, the suit may not be brought since the defendant would be subject to multiple suits concerning the infringement of the same patent.

The United States Supreme Court in 1926 enunciated the doctrine that a licensee of a patent could not bring an enforcement action in its own name. *Independent Wireless Telegraph v. Radio Corp.*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926). The basis for this doctrine was stated as follows:

The presence of the owner of the patent as a party is indispensable not only to give jurisdiction under the patent laws, but also in most cases to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions.
*Id.* at 468, 46 S.Ct. at 169.

The Court then went on to state:

The owner beyond the reach of process may be made coplaintiff by the licensee, but not until after he has been requested to become such voluntarily. If he declines to take any part in the case, though he knows of its imminent pendency and of his obligation to join, he will be bound by the decree which follows. We think this result follows from the general principles of *res judicata. Id.* at 473, 46 S.Ct. at 171.

The decision which confronts this Court is whether Rule 19 requires dismissal of the suit. It is plain that Inventec, if subject to process, would properly be joined under Rule 19(a) and made a defendant in this action. Rule 19(a) also allows joinder as an "involuntary plaintiff' in a "proper case."

Professors Wright and Miller as well as Professor Moore agree that the concept of joinder as an involuntary plaintiff has applicability only when the party sought to be joined is beyond the jurisdiction of the

876

court. They likewise agree that the effect of such joinder is to bind the involuntary plaintiff under the principle of res judicata. 3A Moore's Federal Practice ¶ 19.06; 7 Wright & Miller, Federal Practice and Procedure: Civil § 1606.

■ The Advisory Committee Notes to Rule 19 cite *Independent Wireless* as a proper case for applying the involuntary plaintiff doctrine. The similarity of facts between this case and *Independent Wireless* compels the conclusion that this too is a proper case.

The Seventh Circuit has recently cited *Independent Wireless* with approval and the court's comments indicate that joining a party as an involuntary plaintiff will result in the decision being final against the involuntary plaintiff. *Grantham v. McGraw-Edison Co.*, 7 Cir., 444 F.2d 210 (1971). After concluding that the agreement in question in the patent suit was a license and not an assignment the *Grantham* court allowed the owner to proceed since the defendant would not be subject to multiple suits.

> There is no possibility that McGraw-Edison will be subjected to successive suits. It is clear from the record that both Essick and Automatic had notice of the Granthams' intention to sue and had been requested to join in the suit. Both were ultimately named as defendants. Automatic was served with process and appeared in the action. Although Essick was not served, Independent Wireless teaches that it could be made a coplaintiff even against its will.

*Id.* at 216.

The Court is of the opinion that the plaintiff has complied with Rule 19 and that the defendant is adequately protected from successive suits in this matter. The defendant's motion is therefore denied.