CONTROL COMPONENTS, INC., Plaintiff,

v.

ATLANTIC RICHFIELD COMPANY, Chanslor-Western Oil and Development Company, Control Specialists, Inc., and Fisher Controls Company, Inc., Defendants.

No. CV 77–2102–F.

United States District Court, C. D. California.

Oct. 28, 1977.

McKenna & Fitting, Los Angeles, Cal., Bryan & Bollo, P. C., Stamford, Conn., for plaintiff.

Dryden, Harrington & Swartz, Los Angeles, Cal., Allegretti, Newitt, Witcoff & McAndrews, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

FERGUSON, District Judge.

Defendants' motion to dismiss the complaint under Rule 19 (F.R.Civ.P.) was heard on October 17, 1977.

By their motion the defendants seek dismissal of the complaint on the grounds of failure to join an indispensable party under the requirements of Rule 19 of the Federal Rules of Civil Procedure. The defendants contend that the patent upon which the plaintiff's infringement suit rests is owned by one Richard E. Self and that the plaintiff, as the exclusive licensee of the patent, cannot maintain the present action without joining the patent owner as a party.

It is an established principle of patent law that an exclusive licensee may not bring an infringement action in his own name unless the owner of the patent is also named as a party. *Independent Wireless Telegraph Co. v. Radio Corp. of America,* 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926). The patent owner is therefore considered to be a necessary party to such a suit for Rule 19 purposes. *Agrashell, Inc. v. Hammons Products Co.,* 352 F.2d 443 (8th Cir. 1965); *Black & Decker Mfg. v. Hempe Mfg. Co.,* 420 F.Supp. 874 (E.D.Wisc.1976). An assignee of a patent, however, is considered to be a successor in title to ownership of the patent; and he may sue independently without being required to join his assignor as an indispensable party under Rule 19. *American Optical Co. v. Curtiss,* 59 F.R.D. 644 (S.D.N.Y.1973). See generally, Wright & Miller, *Federal Practice and Procedure* (1972) § 1614.

Under the rule established in the leading case of *Waterman v. Mackenzie,* 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891), which is recognized by both parties as the controlling precedent on this issue, the status of a plaintiff as either an assignee or a licensee is to be determined according to the "legal effect" of the instrument by which he acquired his rights in the patent rather than by the name or title applied to

the transaction by the parties. Thus, an agreement which purports to give only an exclusive license may in fact be an assignment if its legal effect is to transfer substantially all of the rights under the patent. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838 (9th Cir. 1976); *Transducer Patents Co. v. Renegotiation Board*, 492 F.2d 247 (9th Cir. 1974). The plaintiff Control Components, Inc. opposes the instant motion by asserting that although it is nominally merely a licensee under the patent in suit, the terms of its agreement with Richard Self effectively assigned and transferred ownership of the patent, and that Control Components may therefore pursue this action without joining Self as a party.

■ This argument advanced by the plaintiff cannot succeed on the record now before the court. The complaint in this case alleges only that Control Components, Inc. is the *exclusive licensee* of a patent issued to Richard Self (paragraphs 7 and 8). This allegation, standing alone, is not sufficient to establish that the plaintiff has the right to sue for infringement in its own name. *Panaview Door & Window Co. v. Van Ness*, 135 F.Supp. 253 (C.D.Cal.1955). In its opposition papers the plaintiff quotes a portion of the agreement by which it acquired from Self extensive rights in the patent, but the court is unable to conclude on such an incomplete record that the "legal effect" of the transaction was an assignment of the patent to Control Components. Such a determination necessarily requires an analysis of the agreement as a whole. See, e. g., *Von Brimer v. Whirlpool, supra; Agrashell, Inc. v. Hammons Products Co., supra.*

■ Apart from the insufficiency of the record to support plaintiff's position, there are additional factors in this case which lead the court to conclude that Richard Self is an indispensable party under Rule 19. Not the least of these is the fact that in a case involving a related patent, Control Components itself adopted the argument that Self was a necessary party to the just adjudication of an infringement claim because he would be directly affected by any adverse decision regarding the validity of the patent in question. See Rule 19(a)(2)(i). Furthermore, there appears to be a substantial risk that the defendants in this action could be subjected to multiple liability, or at least to multiple litigation, if Self is not joined as a party. This possibility is evidenced by the fact that Self has in fact initiated a number of infringement suits against several of the defendants on related patents. See Rule 19(a)(2)(ii).

■ In opposing the defendants' motion to dismiss the case the plaintiff, however, correctly points out that the proper remedy, should the court determine that Richard Self is a necessary party, is not dismissal under Rule 19(b), but compulsory joinder under Rule 19(a). A dismissal is not appropriate in this case because both parties agree that Mr. Self is a resident of this judicial district and is subject to service of process here. If he refuses to join as a plaintiff, Control Components, as his exclusive licensee, may name him as a defendant pursuant to Rule 19(a). See *Independent Wireless Telegraph Co. v. Radio Corp. of America, supra*; Wright & Miller, *Federal Practice & Procedure* (1972) § 1605. Therefore, the court denies the defendants' motion to dismiss, and orders as follows:

The plaintiff, Control Components, Inc., within thirty days of the date of this order shall file an amended complaint naming Richard E. Self as a party to this suit.

In the event that Richard E. Self should refuse to join voluntarily as a plaintiff in this action, the plaintiff Control Components, Inc., within thirty days hereof, shall name him as a defendant and shall cause him to be served with process as required by Rule 4 of the Federal Rules of Civil Procedure.