## DUBLIN WATER COMPANY

v.

## DELAWARE RIVER BASIN COMMISSION, Pennsylvania Public Utility Commission, Maurice K. Goddard, Individually and as Secretary of the Department of Environmental Resources, Commonwealth of Pennsylvania, and Township of Upper Dublin.

### Civ. A. No. 77–1684.

United States District Court, E. D. Pennsylvania.

Dec. 28, 1977.

Miles Warner, Philadelphia, Pa., for plaintiff.

Paul E. Russell, Asst. Counsel, Pennsylvania Public Utility Comn., Harrisburg, Pa., for defendants.

## MEMORANDUM OPINION

BECHTLE, District Judge.

Presently before the Court are the motions of defendants Delaware River Basin Commission ("DRBC") to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and of Maurice K. Goddard ("Goddard"), individually and as Secretary of the Pennsylvania Department of Environmental Resources ("DER"), and Pennsylvania Public Utility Commission ("PPUC") to dismiss or, in the alternative, for summary judgment, pursuant to Fed.R. Civ.P. 12(b)(6) and 56, respectively.[1] Also before the Court are the motions of plaintiff Dublin Water Company ("DWC") for leave to amend its complaint pursuant to Fed.R.Civ.P. 15(a) and for an Order making defendant Township of Upper Dublin ("Dublin") an involuntary plaintiff pursuant to Fed.R.Civ.P. 19(a).[2] For the reasons

---

1. Because materials outside the pleadings (exhibits, affidavits) have been submitted to, and accepted by, the Court by DRBC in support of its Fed.R.Civ.P. 12(b)(6) motion to dismiss, and by Goddard and PPUC in support of their motions to dismiss or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6) and 56, respectively, each defendant's motion is properly converted to a motion for summary judgment pursuant to Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b).

2. By Order dated September 20, 1977, this Court stayed all proceedings in this matter for 45 days pending resolution of PPUC's, DRBC's and Goddard's motions to dismiss and/or for summary judgment. DWC's Fed.R.Civ.P. 15(a) and 19(a) motions were filed within the stay period. By Order dated October 31, 1977, this Court granted the motions to dismiss and/or for summary judgment of PPUC, DRBC and Goddard. Because Dublin remains as a defend-

stated below, we will grant the Fed.R.Civ.P. 56 motions for summary judgment of PPUC, DRBC and Goddard; we will deny DWC's Fed.R.Civ.P. 19(a) motion; we will dismiss the complaint as to Dublin; and, we will dismiss as moot DWC's motion to amend pursuant to Fed.R.Civ.P. 15(a).[3]

On May 13, 1977, DWC filed a complaint seeking injunctive and other appropriate relief from the alleged irreparable harm inuring to it as a result of conflicting administrative mandates imposed upon it by PPUC, DRBC and Goddard. Dublin was named as a defendant for the sole purpose of making it an involuntary plaintiff pursuant to Fed. R.Civ.P. 19(a). This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331, and the amount in controversy is alleged to exceed $10,000, exclusive of interest and costs.

The allegations of DWC's complaint, construed in a light most favorable to DWC, and which are pertinent to this Opinion, are as follows: DWC is a public utility, authorized by the Pennsylvania Public Utility Law ("PUL"), Act of May 28, 1937, P.L. 1053, § 1, *as amended* 66 P.S. § 1101 *et seq.,* to furnish water to the public. DRBC is a body politic and corporate which was formed by interstate compact between the States of New York, New Jersey, Pennsylvania and Delaware and which is comprised of the Governors of said states and of a commissioner appointed by the President of the United States. The Delaware River Basin Compact ("Compact"), which DRBC administers, has been codified as part of the law of the Commonwealth of Pennsylvania at 32 P.S. § 815.101 *et seq.* DRBC has regulatory authority over actions affecting the water resources of the Delaware River Basin by, *inter alia* public utilities in the Eastern District of Pennsylvania. § 3.1 Compact, 32 P.S. § 815.101. Defendant PPUC is an arm of the Legislature of the

Commonwealth of Pennsylvania and has regulatory authority over public utilities in Pennsylvania. § 901 PUL, 66 P.S. § 1341. Pursuant to § 902 PUL, 66 P.S. § 1342, PPUC is obligated to enforce the duty, imposed upon public utilities in Pennsylvania by §. 401 PUL, 66 P.S. § 1171, *as amended* 1976, to furnish and maintain to their patrons adequate, efficient, safe and reasonable services and facilities. Defendant Goddard, as an official of the Commonwealth of Pennsylvania, and in his capacity as Secretary of DER, has authority, *inter alia,* pursuant to 35 P.S. § 713, *as amended* by Act of April 9, 1929, P.L. 177, § 1901–A and Act of December 3, 1970, P.L. 834 § 20, 71 P.S. § 510.1, to grant or withhold permits to construct waterworks for the supply of water to the public. Goddard also serves as a deputy of the Governor of Pennsylvania in the Governor's capacity as a member of defendant DRBC.

DWC began construction of a physical facility known as well number 5 ("the well") in 1968. The well was complete and ready for operation on or about March 1, 1976. DWC then filed applications with PPUC, DER and DRBC for permission to use and operate the well. PPUC granted DWC's application. DER also granted DWC's application, but conditioned issuance of a permit upon subsequent approval by DRBC. DRBC had begun administrative hearings on DWC's application at the time DWC filed this complaint.

■ The essence of DWC's complaint is that PPUC's, Goddard's and DRBC's rulings upon DWC's respective applications have resulted in conflicting administrative mandates which, if enforced, will subject DWC to irreparable harm, the threat of sanctions and deprivation of property without due process of law, in violation of the Constitution of the United States. Specifically,

---

ant, and because the stay period has ended, this Court may now rule upon DWC's motions.

**3.** This Memorandum Opinion supports and amends this Court's Order of October 31, 1977.

DWC alleges that PPUC Application Dockets A.94952,[4] A.99303 [5] and C. 20863,[6] which "enforce and confirm DWC's obligation to furnish adequate service to its patrons" and

4. PPUC Application Docket No. 94952 states, in pertinent part:

> Application of DUBLIN WATER COMPANY for approval of the right to begin to offer, render, furnish or supply water service to the public in additional protions [sic] of Upper Dublin Township, Montgomery County.
>
> REPORT AND ORDER
> BY THE COMMISSION:
> This matter being before the Pennsylvania Public Utility Commission upon application of DUBLIN WATER COMPANY, filed November 16, 1968, for approval of the right to begin to offer, render, furnish or supply water service to the public in additional portions of Upper Dublin Township, Montgomery County, and having been duly presented in accordance with the rules of the Commission and full investigation of the matters and things involved having been had, the Commission finds and determines that the granting of said application is necessary or proper for the service, accommodation, convenience or safety of the public, and that a certificate of public convenience issue evidencing the Commission's approval thereof;
> NOW, to wit, September 9, 1969, IT IS ORDERED: That a certificate of public convenience issue evidencing the Commission's approval of the said application, as above determined, as specifically shown on a map submitted with the application.

5. PPUC Application Docket No. 99303, entered September 17, 1976, states, in pertinent part:

> Application of Dublin Water Company for a finding of necessity for the situation of a booster pumping station on the company's Well No. 5 property, adjoining the east side of Limekiln Pike, in Upper Dublin Township, Montgomery County.
>
> ORDER
> BY THE COMMISSION:
> Dublin Water Company by this application filed on June 23, 1975 seeks a finding of necessity under Section 619 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, 53 P.S. § 10619, for the proposed situation of a pump station building at applicant's Well No. 5, on the east side of Limekiln Pike, 250 feet south of Fulton Road in Upper Dublin Township, Montgomery County.
>
> Protest was entered by Upper Dublin Township. Hearing was held on August 19, 1975. Briefs were filed by applicant and protestant. No Oral Argument was heard. The protest of Upper Dublin Township was withdrawn July 22, 1976.

"recognize, approve and in effect direct the construction and operation of [the well]" (see Complaint, ¶ 7.14) conflict with DRBC's March 30, 1977, Resolution,[7] which DWC

> \* \* \* \* \* \*
> In order to place the well in service applicant plans to construct a building to house pumping, water storage and emergency generating equipment. The proposed building is located in an area of Upper Dublin Township zoned "A" residential and is therefore subject to the provisions of the Pennsylvania Municipalities Planning Code, Act of July 21 [31], 1968, of which Article VI, Section 619, 53 P.S. § 10619 provides as follows:
> \* \* \* \* \* \*
> Upon consideration of all matters of record, the Commission finds and determines that the proposed situation of applicant's pump station building, as set forth in the record of this proceeding is reasonably necessary or proper for the convenience or welfare of the public; THEREFORE,
> IT IS HEREBY DECIDED: That the proposed situation of applicant's pump station building on a tract of land located on the east side of Limekiln Pike south of Fulton Road in Upper Dublin Township, Montgomery County, as more fully set forth in the record of the proceeding is reasonably necessary for the convenience or welfare of the public.

6. Letters dated September 16 and November 18, 1976, respectively, and which refer to the complaint of Upper Dublin Township against the Dublin Water Company, PPUC Application Docket No. C.20863, state, in pertinent part:

> This complaint proceeding has been inactive for an extended period of time and the record is still open.
>
> If you desire to have any action taken on this complaint by the Commission, you must request that a hearing be scheduled or some other appropriate action taken by the Commission by filing a written request with the Commission.
>
> If no communication is received from you within thirty days from receipt of this letter, this proceeding will be dismissed and the record closed by the Commission without further notice to the parties.
> \* \* \* \* \* \*
> This is to advise that at the public meeting held November 15, 1976, the Commission directed that the above entitled complaint be dismissed.
> Accordingly, the record in this proceeding has been marked closed.

7. DRBC's March 30, 1977, Resolution states:

> WHEREAS, evidence available to the Commission indicates that the Dublin Water Company has placed in operation and may be using facilities known as Well No. 5 in Upper Dublin Township, Montgomery County,

claims enjoins it from use and operation of the well. In addition, DWC alleges that Goddard, by conditioning DER's approval of DWC's application upon subsequent approval by DRBC, acted outside the scope of his authority as Secretary of DER.

In support of their motions for summary judgment, PPUC and DRBC have submitted, and Goddard has adopted, *inter alia,* copies of PPUC Application Dockets A.94952, A.99303 and C.20863 and DRBC's Resolution of March 30, 1977,[8] as well as a copy of a letter from DRBC to DWC dated May 3, 1977.[9] It is clear from even a cursory reading of these exhibits that neither the PPUC Application Dockets nor the DRBC Resolution orders or compels DWC to do, or to refrain from doing, anything which could in any conceivable way subject DWC to conflicting administrative mandates, expose DWC to the threat of sanctions or deprive DCW of property without due process of law. Because neither PPUC, Goddard nor DRBC has acted in a manner which would in any way warrant this Court's imposing injunctive or other relief in favor of DWC,

the motions of PPUC, Goddard and DRBC for summary judgment will be granted.

■ Alternatively, DWC alleges that Goddard acted outside the scope of his authority as Secretary of DER by conditioning DER's issuance of DWC's license upon subsequent approval by DRBC. In support of its motion for summary judgment, DRBC submitted, and Goddard adopted, *inter alia,* the affidavit of W. Brinton Whitall, Secretary of DRBC. Whitall's affidavit clearly establishes that, pursuant to § 3.8 of the Compact, DRBC has the power to approve all "projects having a substantial effect on the water resources of the Basin." Whitall's affidavit also establishes that, based upon administrative agreements executed between DER and DRBC pursuant to 18 C.F.R. § 401.33 *et seq.,* DER makes an initial review of all water-related activities which are subject to DER regulations, but withholds issuance of its permits until DRBC has had an opportunity to determine whether the activities in question will have a substantial effect upon the Delaware River Basin (*see* Whitall Affidavit,

Pennsylvania, without having obtained the Commission's prior approval as required by Section 3.8 of the Compact and,

WHEREAS, an application for approval of Well No. 5 is presently pending before the Commission and is currently subject to an adversary hearing proceeding; and,

WHEREAS, it appears the operation of said well, pending completion of the Commission's hearing and review process, may have a significant adverse effect upon ground water wells owned and used by neighboring property owners in Upper Dublin Township, and,

WHEREAS, it additionally appears that alternate temporary sources of water are or may be made available to Dublin Water Company through interconnections with neighboring water supply systems;

NOW, THEREFORE,

BE IT RESOLVED, by the Delaware River Basin Commission

The executive director and general counsel are authorized to take any legal action which they determine is necessary and appropriate to restrain and prevent unauthorized operation of Well No. 5 by the Dublin Water Company, other than operations necessary for hydrogeologic tests of ground water conditions, until completion of hearing and review procedures by this Commission, and to re-

cover any penalty provided for in the Compact or by applicable law.

**8.** *See* notes 4–7, *supra.*

**9.** A letter from DRBC to DWC, dated May 3, 1977, states, in pertinent part:

It has been brought to my attention that your company was using Well # 5 for rather extensive pumping purposes for the period from April 18 through April 23.

Firstly, our understanding with Mr. Warner was that you would advise the Commission of any intention to use this Well in advance of placing it into operation. We would ask that you give us advance notification should it become necessary to again use this Well. Secondly, I want to emphasize that the use of this Well, without an advance determination on your pending application, constitutes a violation of the Commission's compact and regulations. The company, therefore, should not presume that by merely notifying the Commission of its actions that it is thereby authorized to use Well # 5.

Finally, the continuation of the hearing on your company's application was adjourned at Mr. Warner's request from the April 25th date to May 16. We have not heard whether the company is prepared to proceed. . .

¶ 4–10; DRBC Exhibit 7). Because Whitall's affidavit meets defendant's burden of establishing that no genuine issue of material fact exists as to the scope of Goddard's authority to condition issuance of permits by DER upon subsequent approval by DRBC, and because DWC has not sufficiently rebutted defendant's proof, *see Saaybe v. Penn Central Trans. Co.*, 438 F.Supp. 65, 68 (E.D.Pa.1977), Goddard is entitled to have summary judgment entered in his favor on the issue of whether or not he exceeded the scope of his authority as Secretary of DER.

 DWC also moves this Court, pursuant to Fed.R.Civ.P. 19(a), for an Order making Dublin an involuntary plaintiff. Fed.R.Civ.P. 19(a) states, in pertinent part:

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

. . .

We find Fed.R.Civ.P. 19(a) inapplicable to the case before us. First, since Dublin is already a party *defendant* to this action, it is clear that neither 19(a)(1) nor (2) applies to this case. DWC argues, however, that Fed.R.Civ.P. 19(a)'s reference to "a proper case" permits a district court to order a party, already named as a defendant, to be realigned as an involuntary plaintiff.

It is well settled that the "proper case" provision of Fed.R.Civ.P. 19(a) may only be invoked where the party sought to be joined as an involuntary plaintiff is beyond the jurisdiction of the Court and is notified of the action but refuses to join, and where the party seeking such joinder is entitled to use the non-party's name to prosecute the action. *Independent Wireless Telegraph Co. v. Radio Corporation of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926); *Caprio v. Wilson*, 513 F.2d 837, 839 (9th Cir. 1975); *Stanton v. Ash*, 384 F.Supp. 625, 632 (S.D.Ind.1974); *Blacks v. Mosley Machinery Co., Inc.*, 57 F.R.D. 503, 505–506 (E.D.Pa. 1972); 7 Wright and Miller, *Federal Practice and Procedure*, § 1606 (Supp.1976). If the non-party is within the jurisdiction of the Court, he must be served with process and made a defendant. Dublin is clearly within the jurisdiction of this Court and has been made a party defendant to this action. We hold that Fed.R.Civ.P. 19(a) is inapplicable to the case before us. DWC's motion pursuant to Fed.R.Civ.P. 19(a) will, therefore, be denied. We hold further that, because by DWC's own admission Dublin was joined as a defendant for the sole purpose of making it an involuntary plaintiff pursuant to Fed.R.Civ.P. 19(a), and because DWC states no independent claim against Dublin, the complaint will be dismissed as to Dublin.

Finally, DWC's motion for leave to amend its complaint pursuant to Fed.R. Civ.P. 15(a) will be dismissed as moot.

We question DWC's good faith in filing this complaint.