**Joann MARN, Administratrix of the Estate of John Marn, Deceased, Plaintiff,**

**and**

**Mathies Coal Company, Involuntary Pltf.,**

**v.**

**The UNITED STATES, Defendant.**

**Joann MARN, Administratrix of the Estate of John Marn, Deceased, Plaintiff,**

**and**

**Mathies Coal Company, Involuntary Pltf.,**

**v.**

**SAUERMAN BROTHERS, INC., Defendant,**

**v.**

**The UNITED STATES of America, Consolidation Coal Company, and Dover Conveyor and Equipment Company, Inc., Third-party Defendants.**

Civ. A. Nos. 81–1122, 81–1375.

United States District Court, W. D. Pennsylvania.

Jan. 5, 1982.

Morley M. Azorsky, Oliver N. Hormell, California, Pa., for plaintiff.

Anthony J. Polito, Pittsburgh, Pa., for involuntary plaintiff.

William A. Weiler, Pittsburgh, Pa., for defendant Sauerman Bros., Inc.

Frederick N. Egler, Pittsburgh, Pa., for Dover Conveyor and Equipment Co., Inc.

Brian W. Ashbaugh, Pittsburgh, Pa., for Consolidation Coal Co.

Mary Grad, Torts Branch, Civil Division, U. S. Dept. of Justice, Washington, D. C., for the U. S.

## MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiff, Joann Marn, Administratrix of the Estate of John Marn, has brought three actions alleging that defendants, Consolidation Coal Company, Dover Conveyor Company and Ray Marshall, United States Secretary of Labor, through their agents, servants or employees, were negligent, thereby causing her husband to fall to his death during the course of his employment at Mathies Coal Company. In two of these actions, *Marn v. United States*, Civil Action No. 81–1122, and *Marn v. Sauerman Brothers, Inc. v. United States of America, et al.*, Civil Action No. 81–1375, she has joined as an involuntary plaintiff under F.R.C.P. 19(a), her husband's employer, Mathies. In both actions, Mathies has moved to strike its joinder.

By her joinder, plaintiff asks this court to take pendent jurisdiction of her claim against Mathies for additional workmen's compensation benefits. She has also filed an action raising this same claim in the Court of Common Pleas of Washington County.

Mathies is a Pennsylvania corporation. Plaintiff admits that Mathies was made an involuntary plaintiff rather than a defendant in her case against *Sauerman* in order not to destroy diversity jurisdiction.

Rule 19(a) states:

"A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the deposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff."

An involuntary plaintiff is a party obligated to assist in bringing an action or to permit its name to be used but who refuses to do so. Such party is then joined without service of process, but is, nonetheless, bound by the judgment of the court. *Independent Wireless Telegraph Company v. Radio Corporation of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926). A party may be joined as an involuntary plaintiff only in "a proper case." The court asks itself the following questions to determine if circumstances warrant joinder of an involuntary plaintiff: (1) whether the party is obligated to permit its name and title to be used to protect the rights at issue; (2) whether the party is beyond the personal jurisdiction of the court; and (3) whether the party, although having been asked to join voluntarily, refuses to do so. *International Rediscount Corp. v. Hartford Accident and Indemnity Co.*, 425 F.Supp. 669, 674–675 (D.Del.1977). If a party is subject to the jurisdiction of the court, he must be joined as a defendant, subject to realignment, and not as an involuntary plaintiff. *Blacks v. Mosley Machinery Co., Inc.*, 57 F.R.D. 503 (E.D.Pa.1972); *Dublin Water Co.*

v. *Delaware River Basin*, 443 F.Supp. 310 (E.D.Pa.1977).

Courts have most frequently employed the doctrine of "involuntary plaintiff" in cases involving licensees of patents and copyrights. *Independent Wireless Telegraph Corp. of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926); *Black & Decker Mfg. Co. Ltd. v. Hempe Mfg. Co., Inc.*, 420 F.Supp. 874 (E.D.Wis.1976); *First Financial Marketing Services Group, Inc. v. Field Promotions, Inc.*, 286 F.Supp. 295 (S.D.N.Y.1968), and cases cited therein.

■ It is clear from this discussion that it is not the purpose of the involuntary plaintiff rule to preserve diversity jurisdiction when a plaintiff desires to press a claim against a party who is a citizen of the same state as he is. Furthermore, the joinder of Mathies would not serve the function long-recognized by the courts of Rule 19(a). Although Mathies' motion to dismiss would allow us to infer that it would not voluntarily join this action if requested to do so, plaintiff does not need any assistance from Mathies in order to proceed with this action. Furthermore, because Mathies is within the personal jurisdiction of this court, if plaintiff desires to join it, she should join it as a defendant, subject to realignment.

Possibly plaintiff hoped to join Mathies as an involuntary plaintiff not only to preserve diversity jurisdiction in *Sauerman*, but also because plaintiff is precluded from instituting a common law action for damages against her employer. *Ryden v. Johns-Manville Products, et al.*, 518 F.Supp. 311 (W.D.Pa., 1981). However, "[P]ennsylvania law would preclude an employer's joinder in a tort action under any guise." *Hritz v. Mining Progress, et al.*, No. 80–582 (W.D.Pa., August 21, 1981).

The court is aware of *Lipari v. Niagara Machine & Tool Works*, 87 F.R.D. 730 (W.D. Pa.1980) *aff'd. per curiam*, 661 F.2d 914 (3d Cir., 1981), in which Judge Weber permitted joinder of an employer as an involuntary plaintiff. However, as we noted in *Hritz*, "[t]he appeal was taken by the plaintiff and not the employer, who did not object to the joinder. More importantly, a judgment order cannot be accorded any precedential weight since it is impossible to determine whether the court reached the particular question subsequently under consideration."

Plaintiff is precluded from joining her decedent's employer, Mathies, as an involuntary plaintiff not only because this case does not meet the criteria developed by the courts which have construed F.R.C.P. 19(a) since Mathies is not needed to bring this action and is subject to the personal jurisdiction of the court, but also because whether Mathies is an involuntary plaintiff or a defendant, the court does not have subject matter jurisdiction over a claim for workmen's compensation benefits. The Workmen's Compensation Board has exclusive jurisdiction over workmen's compensation claims as well as over practice and procedure involving such claims. Within this area both courts have jurisdiction "solely to *review* on appeal. The statutory provision relates to both cases *commenced by petition* and to *agreements* for compensation." *American Casualty Co. of Reading v. Kligerman*, 365 Pa. 168, 172, 74 A.2d 169, 172 (1950) (emphasis in original). Therefore, since the Pennsylvania courts would be precluded from exercising original jurisdiction in an action for additional workmen's compensation, this court would likewise be precluded. Mathies' motions to strike must be granted.