**OLEY TOWNSHIP, Pine Creek Valley Watershed Assoc., Inc., Oley Valley Youth League, Inc., Pike Oley District Preservation Coalition, J. Scot Williams, and Bruce Littlefield, Plaintiffs,**

v.

**DELAWARE RIVER BASIN COMMISSION, and Gerald Hansler, Executive Director; Pennsylvania Department of Environmental Protection; and Wissahickon Spring Water, Inc., Defendants.**

Civ. A. No. 95–5873.

United States District Court,
E.D. Pennsylvania.

Dec. 4, 1995.

John Wilmer, Media, PA, for plaintiffs.

Michael L. Harvey, Deputy Attorney General, Harrisburg, PA, for defendant DEP.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

On September 18, 1995, Plaintiffs instituted this action in federal court against Defendants Delaware River Basin Commission ("DRBC"), Mr. Gerald Hansler, the executive director of the DRBC, Wissahickon Water Supply, Inc. ("Wissahickon"), and the Pennsylvania Department of Environmental Protection ("DEP"). Plaintiffs challenge the DRBC's and Mr. Hansler's approval of a proposed groundwater withdrawal in Pike Township, Pennsylvania. Plaintiffs have also requested that this Court exercise supplemental jurisdiction over Plaintiffs' state law claims against DEP currently pending in another tribunal.

Defendant DEP has moved to dismiss the complaint against it pursuant to Fed.R.Civ.P. 12(b)(1). For the reasons stated below, we grant DEP's motion because the Eleventh Amendment bars Plaintiffs from proceeding against DEP in federal court.

## I. BACKGROUND

In stating the facts, we are mindful that all allegations in the Complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party.

*Sturm v. Clark,* 835 F.2d 1009, 1011 (3d Cir.1987).

On April 26, 1995, Defendant DRBC approved Defendant Wissahickon Water Supply, Inc.'s ("Wissahickon") application for a groundwater withdrawal project. *See* Complaint at ¶¶ 42–43. DRBC authorized Wissahickon's withdrawal or removal of groundwater from the Sterling Spring Well in Pike Township, Berks County, Pennsylvania.[1] *Id.* at ¶¶ 1, 25, 47, 67; DRBC Docket No. 95–D–11. Wissahickon will draw the water into a bulk water loading facility for later delivery to its water bottling facility in Kutztown. *Id.*

Wissahickon also applied for a permit from DEP in a concurrent proceeding pursuant to Pennsylvania's Safe Drinking Water Act ("SDWA") which requires a preconstruction permit for facilities providing public water for human consumption. *See Complaint* at ¶ 25; 35 P.S. § 721.7; 25 Pa.Code § 109.1005.[2] DEP issued the requested Public Water Supply Permit to Wissahickon on April 26, 1995. *See* Complaint at ¶ 27; DEP Public Water Supply Permit No. 0695501. The permit approved the construction, but not the operation, of facilities for use in Wissahickon's water bottling operation including the Sterling Spring Well for use as a source supply. *Id.*

On June 12, 1995, Plaintiffs in the case at bar appealed DEP's issuance of this permit to the Pennsylvania Environmental Hearing Board ("EHB"). *See* Complaint at ¶ 28; Notice of Appeal, EHB Docket No. 95–101–MG. They allege that DEP violated various state laws in granting the SDWA permit. *See* Notice of Appeal, EHB Docket No. 95–101–MG at ¶¶ 21–29. The Notice of Appeal does not allege that DEP violated federal law. That appeal is presently pending.

---

1. Any water withdrawal in excess of 100,000 gallons per day in the Delaware River Basin requires DRBC approval. 18 C.F.R. § 401.35(a)(2) (1995).

2. Water projects affecting the Delaware River Basin are subject to DEP and DRBC approval. DEP and DRBC have apparently entered into an administrative agreement pursuant to 18 C.F.R. § 401.33 coordinating the two separate permitting processes. *See* 18 C.F.R. § 401.33 *et seq.* (1995); *Dublin Water Co. v. Delaware River Basin Com'n,* 443 F.Supp. 310, 314–315 (E.D.Pa.1977). DEP apparently makes an initial review of all water-related activities falling under its jurisdiction, but refrains from issuing permits until DRBC determines whether the projects will have a substantial effect on the Delaware River Basin. *Id.*

On September 18, 1995, Plaintiffs filed the instant action alleging that Defendants DRBC and Mr. Hansler violated federal and state laws in "approving a ground water withdrawal request for Wissahickon." Complaint at ¶ 1 and counts 1–10. Plaintiffs also request that we exercise supplemental jurisdiction over Plaintiffs' appeal of the DEP's SDWA construction permit presently before the EHB. *Id.* at count 11.

DEP now moves to dismiss Plaintiffs' complaint asserting that the Eleventh Amendment bars suit against DEP in federal court, that Plaintiffs are improperly attempting to remove a state administrative proceeding to federal court, and that the doctrine of abstention mandates our non-involvement in the EHB appeal. We grant DEP's motion on Eleventh Amendment grounds and dismiss DEP as a defendant and dismiss Count 11 of Plaintiffs' complaint.

## II. DISCUSSION

The Eleventh Amendment of the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend XI. Interpreting the Amendment in light of traditional sovereign immunity principles, the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974), *cited in P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139, 142–43, 113 S.Ct. 684, 687, 121 L.Ed.2d 605 (1993).

■ "Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *P.R. Aqueduct & Sewer Auth.,* 506 U.S. at 142–45, 113 S.Ct. at 687–88 (quoting *Welch v. Texas Dept. of Highways and Public Transportation,* 483 U.S. 468, 480, 107 S.Ct. 2941, 2949–2950, 97 L.Ed.2d 389 (1987) (plurality opinion)); *see also Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989); *Cory v. White,* 457 U.S. 85, 90–91, 102 S.Ct. 2325, 2328–2329, 72 L.Ed.2d 694 (1982); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam); *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977).

Since DEP is an agency under the Commonwealth of Pennsylvania's control, absent waiver, the Eleventh Amendment bars Plaintiffs' suit against DEP in federal court.

■ A state's Eleventh Amendment immunity may be waived in two ways. Congress may explicitly abrogate immunity through legislation or a state may voluntarily waive the immunity. *Port Auth. Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 304, 110 S.Ct. 1868, 1872, 109 L.Ed.2d 264 (1990) (citing *Dellmuth v. Muth,* 491 U.S. 223, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989); *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985); *Clark v. Barnard,* 108 U.S. 436, 447, 2 S.Ct. 878, 882, 27 L.Ed. 780 (1883)).

For Congress to override immunity, the Supreme Court has consistently required "an unequivocal expression that Congress intended to override Eleventh Amendment immunity." *Welch,* 483 U.S. at 478, 107 S.Ct. at 2948 (citing *Atascadero,* 473 U.S. at 242, 105 S.Ct. at 3147; *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 906–907, 79 L.Ed.2d 67 (1984); *Quern v. Jordan,* 440 U.S. 332, 342–345, 99 S.Ct. 1139, 1145–1147, 59 L.Ed.2d 358 (1979)); *see also* Erwin Chemerinsky, FEDERAL JURISDICTION (1994) 409–410 ("The congressional desire to make states liable must be in 'unmistakable language in the statute itself' and it must be an area where the state realistically could choose not to engage in the activity.") (quoting Pagan, *Eleventh Amendment Analysis,* 39 Ark. L.Rev. 447, 488–89 (1986)).

■ For a state to voluntarily waive its Eleventh Amendment immunity, a state statute or state constitutional provision "must specify the State's intention to subject itself

to suit in *federal* court." *Atascadero,* 473 U.S. at 241, 105 S.Ct. at 3146 (emphasis in original). The standard for finding waiver is stringent as the state's consent must be by the "most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Id.* at 239–240, 105 S.Ct. at 3146 (quoting *Edelman,* 415 U.S. at 673, 94 S.Ct. at 1361).

■ Plaintiffs do not assert that Congress abrogated DEP's Eleventh Amendment immunity through legislation. Rather, Plaintiffs claim that the Commonwealth of Pennsylvania waived its Eleventh Amendment immunity by participating in the Delaware River Basin Compact (the "Compact"). *See* Plaintiff's Brief in Opposition at 2. We disagree. While the Delaware River Basin Compact permits suits against the DRBC in federal court, we find no language in the Compact indicating that Pennsylvania waived its Eleventh Amendment immunity by participating in the Compact.

Section 3.8 of the Compact states "any determination of the *commission* shall be subject to judicial review in any court of competent jurisdiction." Public Law 87–328, 75 Stat. 688 (emphasis added); 32 P.S. § 815.101 *et seq.* In addition, section 15.1(p) states that "United States district courts shall have original jurisdiction of all cases and controversies arising under the Compact ..." *Id.* Together, these two sections govern suits arising under the Compact brought against the DRBC. The Compact, however, does not consent to suits against Pennsylvania or its agencies. Moreover, Plaintiffs' case against DEP arose under Pennsylvania's SDWA permitting process and not under the Compact, thus further obviating Plaintiffs' claim that the Compact provides this Court with jurisdiction over Plaintiffs' suit against DEP.

Plaintiffs note that DEP's SDWA permitting process overlaps with the DRBC permitting process contested in the instant case. *See supra* note 2; Plaintiff's Brief in Opposition to DEP's Motion to Dismiss at 1–3. Plaintiffs maintain that this overlap, coupled with the DRBC's waiver of sovereign immunity, also constitutes waiver by the DEP of its Eleventh Amendment immunity for matters relating to the SDWA permit. *Id.*

We disagree. A state's consent to be sued in federal court must be by the "most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Atascadero,* 473 U.S. at 239–240, 105 S.Ct. at 3146 (quoting *Edelman,* 415 U.S. at 673, 94 S.Ct. at 1361). We are not persuaded that the overlapping permitting processes, together with the DRBC's waiver of sovereign immunity, constitutes the clear and unmistakable indication of intent required to waive Eleventh Amendment immunity. Decisional law requires much more than is present here to infer a waiver of Eleventh Amendment immunity. *See e.g., Port Auth. Trans–Hudson Corp.,* 495 U.S. 299, 110 S.Ct. 1868, 109 L.Ed.2d 264.[3]

■ Plaintiffs' request that we exercise supplemental jurisdiction over their state law claims against DEP does not alter our analysis. The Eleventh Amendment "absent state consent, precludes federal courts from entertaining pendent state law claims 'against state agencies and officers seeking prospective injunctive relief for a violation of *state* law.' " *Capital Cities Media, Inc. v. Chester,* 797 F.2d 1164, 1176 (3d. Cir.1987) (quoting *Geis v. Board of Educ. of Parsippany–Troy Hills,* 774 F.2d 575, 580 (3d. Cir.1985) (emphasis in original)).

Since we find the Eleventh Amendment bars Plaintiffs' suit against DEP in federal court, we find it unnecessary to address DEP's other two grounds for dismissing Plaintiffs' complaint.[4]

**3.** We also note that a state's general waiver of sovereign immunity "is not enough to waive the immunity guaranteed by the Eleventh Amendment." *Atascadero,* 473 U.S. at 241, 105 S.Ct. at 3146. In fact, Pennsylvania has pointedly preserved its Eleventh Amendment immunity in this context. *See* 42 Pa.C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States").

**4.** DEP's remaining two grounds are (1) Plaintiffs are improperly attempting to remove an ongoing

**288**

### III. CONCLUSION

For the foregoing reasons we grant DEP's motion to dismiss DEP as a defendant, and dismiss count 11 of the Complaint in the instant action. An appropriate order follows.

### ORDER

**AND NOW,** this 4th day of December, 1995, after full consideration of Defendant Pennsylvania Department of Environmental Protection's Motion to Dismiss and Brief in Support thereof, filed November 1, 1995, and Plaintiffs' Response to Pennsylvania Department of Environmental Protection's Motion to Dismiss, filed November 15, 1995, it is hereby **ORDERED** that the Pennsylvania Department of Environmental Protection's Motion is **GRANTED.** We dismiss the Department of Environmental Protection as a defendant and dismiss count 11 of Plaintiffs' complaint.

state administrative proceeding to federal court, and (2) the doctrine of abstention mandates our

non-involvement in this case. Defendant DEP's Brief in Support of its Motion to Dismiss at 7–11.